**JUDGE HELLERSTEIN**

David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
579 Main Avenue
Passaic, New Jersey 07055
(973) 272-4768
Davids@lawdms.com – DS1694
Attorneys for Plaintiff

12 CIV 8893

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CARYN RUSSELL                            Docket No.

               Plaintiff,

                                 **COMPLAINT**

WELLS FARGO BANK, N. A.,
                                 **Jury Trial Requested**
             Defendant.
-------------------------------------------------------

Plaintiffs, CARYN RUSSELL (hereinafter "Plaintiff"), by her undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M. SCHLACHTER, LLC, for her Complaint alleges, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. This matter is an Action for Quiet Title and other rights and remedies against Defendant bank who allegedly holds title to Notes and Mortgages upon Plaintiff's property

2. Plaintiff is an individual who resides at 251 White Antelope Street, in the county of Cherokee, State of Georgia, within the Northern District of Georgia.

3. Upon information and belief, Defendant is a bank is located at 1000 Blue Gentian Road, City of Eagan, State of Minnesota.

## JURISDICTION AND VENUE

4. Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1331, based on issue of federal law that is dispute between the parties. State questions of law are invoked pursuant to the pendant jurisdiction of the Court. Diversity jurisdiction is also appropriate as the Defendants live in different States and the amount in dispute exceeds $75,000.

5. Venue is proper as the underlying mortgage is traded, housed, and/or sold on the New York Stock Exchange in New York, New York.

## CLAIMS

6. On or about May 29, 2007 Plaintiff obtained a $350,000 mortgage with Wachovia Mortgage, FSB.

7. Plaintiff modified this mortgage through Wachovia Mortgage, FSB on or about March 27, 2008.

8. Upon information and belief, this mortgage modification was signed by Patti Eason as Vice President of Wachovia Bank.

9. Upon information and belief, this mortgage modification was also signed by Patti Eason as a Vice President of MERS.

10. Thus, the second signature is a robo signed assignment.

11. Upon information and belief, per the Wachovia and MERS nominee assignment in the Security Deed, Wachovia Mortgage, FSB split the Note and Mortgage.

12. Upon information and belief, Wachovia Mortgage, FSB named MERS as nominee in the Deed of Trust, but does not in the Mortgage Note.

13. Upon information and belief, MERS failed to register as a foreign corporation to conduct business in the State of Georgia.

14. Upon information and belief, Wachovia Mortgage, FSB failed to register as a foreign corporation in the State of Georgia.

15. Consequences of transacting business within the state of Georgia, without authority to do so, is that the corporation or its assignees cannot continue to collect funds on behalf of the mortgage loan investors, thus creating an invalid assignment and break in the chain of title.

16. Upon information and belief, Wachovia Mortgage, FSB failed to provide Plaintiff the required Federal Statement of Disclosures concerning her Adjustable Rate Mortgage (ARM).

17. Upon information and belief, Plaintiff was not provided with the ARM Disclosure Statement prior to loan approval nor was a signed disclosure statement attached to Form 1003 Loan Application.

18. Upon information and belief, Plaintiff was not identified by the Lender or closing attorney as required under Federal Statutes.

19. Upon information and belief, no third party verifications of Plaintiff's loan information were conducted per Wachovia Mortgage, FSB's own underwriting loan guidelines and per federal lending regulations.

20. Upon information and belief, the Uniform Residential Loan application for the first mortgage was signed by Plaintiff but was not signed by the Interviewer or Plaintiff's Representative as required by federal regulations and the Wachovia Mortgage, FSB's own loan policy.

21. Upon information and belief, the signed Loan Application was not attached to the Mortgage Note as required under Federal guidelines.

22. Upon information and belief, Plaintiff's debt to income ratio (DTI) was not calculated due to a lack of information obtained.

23. Upon information and belief, Plaintiff's personal and business assets, liabilities, and income were never evaluated to determine Plaintiff's ability to repay the Note.

24. Federal Predatory Lending Legislation prohibits loaning to an individual without determining his/her ability to repay the loan.

25. Upon information and belief, Plaintiff's mortgage loan was an adjustable mortgage loan that was projected to increase per month.

26. Adjustable mortgage loans that explode are a basis for predatory lending.

27. The modification agreement is an alleged fraudulent attempt to retroactively cure title issues in which Plaintiff, individual was induced.

28. Plaintiff alleges that the modification agreement is a way to avoid litigating the real issues at stake.

29. Upon information and belief, Wachovia Mortgage, FSB sold this mortgage to Defendants.

30. Defendant is not the holder of the Note and Mortgage with clear chain of title.

WHEREFORE, Plaintiff seek Quiet Title to their property, demand that Defendant produce the original Note and Mortgage and all Assignments, properly and duly executed, damages for the fraudulent inducement, and other such relief this Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Granting injunction for Defendant to prove that it owns title to the Notes and Mortgages subject to this litigation.

b) Granting injunction for Defendant to produce the original Notes, Mortgages, and duly executed Assignments of the subject mortgage.

c) Declaring the chain of title irreparably broken and the securities on the properties unenforceable.

d) Granting damages to Plaintiff for inducing Plaintiff to pay monies to the wrong entity.

e) Granting punitive damages for the conduct and fraud.

f) Granting attorney's fees to Plaintiff.

g) Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
November 6, 2012

By _____
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
579 Main Avenue
Passaic, New Jersey 07055
(973) 272-4768
DS1694
Davids@lawdms.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CARYN RUSSELL,

                Plaintiff,

**Docket No:**

WELLS FARGO BANK, N. A.,

                Defendant.
------------------------------------------------------X


**SUMMONS / COMPLAINT**


This certifies under the Fed. R. Civ. P. that this pleading is not made frivolously under law and it is only made in good faith.

                David M. Schlachter, Esq.
                LAW OFFICES OF DAVID M. SCHLACHTER, LLC
                DS - 1694
                579 Main Avenue
                Passaic, New Jersey 07055
                (212) 257-2190 phone
                (973) 272-4167 fax
                davids@lawdms.com
                Attorneys for Plaintiff